```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
LISA TILLEY and KENDALL MOULTRIE,      :
                                       :   20-cv-10638 (JSR)
     Plaintiffs,                       :
                                       :
          -v-                          :   MEMORANDUM ORDER
                                       :
CHRISTOPHER SHELTON as President       :
Communications of America AFL-CIO,     :
KEITH PURCE as President of            :
Communications Workers of America      :
Local 1101 as successor / f/k/a        :
Local 1105, VERIZON NEW YORK, INC.,    :
and VERONYKA PETERS, individually,     :
                                       :
     Defendants.                       :
                                       :
------------------------------------ x
```

JED S. RAKOFF, U.S.D.J.

This case arises out of the alleged mistreatment and wrongful termination of plaintiffs Lisa Tilley and Kendall Moultrie by defendants Verizon New York Inc. ("Verizon") and Veronyka Peters, and the alleged mistreatment and ensuing breach of the duty of fair representation by defendant Local 1101 of the Communications Workers of America (the "Union").[1] Now before the Court are the

---

[1] The caption names as defendants, not the Union itself, but leaders of the Union in their official capacities. The operative complaint, however, consistently refers to the Union as a defendant. See, e.g., Second Amended Complaint ("SAC"), Dkt. No. 43, ¶ 4 ("At all relevant times, the Defendant union owed a duty of fair representation . . . to arbitrate meritorious grievances on behalf of Plaintiff Tilley . . . ."). For ease of reference, the Court refers to all these defendants as the "Union."

motions of the defendants to dismiss the complaint on the ground that the claims are time-barred. For the reasons set forth below, the Court grants the motions to dismiss with prejudice.

### Background[2]

Plaintiffs Tilley and Moultrie were previously employed by Verizon and represented by the Union for collective bargaining purposes. SAC ¶¶ 86-88, 191, 243. Plaintiffs reported to defendant Peters, who fired them in 2015, allegedly for job abandonment and/or for mistreating a Verizon customer. Id. ¶¶ 17, 19, 115. Both plaintiffs subsequently filed grievances with the Union for purported wrongful termination, but the Union did not pursue an arbitration demand. Id. ¶¶ 12, 21. Tilley also filed an internal complaint with Verizon's Equal Employment Opportunity office ("Verizon EEO"). Id. ¶ 6. Verizon EEO allegedly found Tilley's complaint well founded and told Tilley that it recommended to the Union that she be reinstated. Id. ¶¶ 7-8. Tilley contacted the Union twice, but the Union denied receiving the recommendation. Id. ¶ 9. Neither plaintiff was reinstated.

---

[2] For the purposes of these motions, the well-pleaded allegations in the complaint are assumed to be true. See Giunta v. Dingman, 893 F.3d 73, 78-79 (2d Cir. 2018). In their opposition to these motions, the plaintiffs cite to evidence obtained during discovery that ostensibly "validated or confirmed Plaintiffs' allegations." Pl. Opp. to Verizon, Dkt. No. 51, at 14. The Court disregards this evidence as beyond the scope of the SAC, although none of the evidence would, in any event, change the result.

Plaintiffs took no action for five years, until two chance encounters in 2020 spurred this lawsuit. First, in July 2020, Tilley ran into a former co-worker who allegedly told her "[y]ou were supposed to come back a long time ago." Id. ¶ 13. Then, a few months later in November 2020, Tilley had another chance encounter with a former co-worker who once served as a shop steward for the Union. Id. ¶ 14. This former co-worker allegedly told Tilley that Peters had kept a "hit list" of black women, including plaintiffs, with vested pensions who took medical leave. Id. ¶ 15.

Plaintiffs brought suit in December 2020. The operative complaint asserts seven causes of action: (1) breach of duty of fair representation against the Union; (2) negligent hiring and retention of Peters against Verizon; (3) tortious interference with the employer-employee relationship against Peters; (4) infliction of extreme emotional distress against the Union and Peters; (5) civil conspiracy against all defendants; (6) interference with pension benefits against defendants under Section 510 of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1140, against all defendants; and (7) equal rights violations under 42 U.S.C. §§ 1981, 1983 against all

defendants. Defendants now move to dismiss the claims as time-barred.[3]

## Discussion

It is undisputed that the claims in this case are subject to one- to four-year statutes of limitations. It is also undisputed that the claims are based on events that allegedly took place during or immediately following the plaintiffs' employment at Verizon, which ended in 2015 -- over five years before they commenced the instant action. The claims are therefore time-barred.

To try to overcome this obstacle, the plaintiffs invoke the fraudulent concealment doctrine.[4] "Under federal common law, a statute of limitations may be tolled due to the defendant's fraudulent concealment if the plaintiff establishes that: (1) the

---

[3]   Defendants also move to dismiss the claims on other grounds, but the Court does not reach those arguments because the Court agrees that the claims are time-barred.

[4]   The plaintiffs appear to conflate the fraudulent concealment doctrine and the equitable tolling doctrine. See Pl. Opp. to Verizon at 13 ("Plaintiffs have sufficiently alleged acts of fraud and fraudulent concealment by Defendants to apply equitable tolling."). The two doctrines are formally distinct. See Valdez ex rel. Donely v. United States, 518 F.3d 173, 182-83 (2d Cir. 2008) ("[F]raudulent concealment is not essential to equitable tolling."). In this case, however, the two doctrines are co-extensive because the only extraordinary circumstance potentially warranting equitable tolling would be the alleged fraudulent concealment. Therefore, the Court addresses only the fraudulent concealment doctrine.

defendant wrongfully concealed material facts relating to defendant's wrongdoing; (2) the concealment prevented plaintiff's discovery of the nature of the claim within the limitations period; and (3) plaintiff exercised due diligence in pursuing the discovery of the claim during the period plaintiff seeks to have tolled." Koch v. Christie's Int'l PLC, 699 F.3d 141, 157 (2d Cir. 2012). Plaintiffs appear to allege that the Union fraudulently concealed having received the Verizon EEO reinstatement recommendation, thereby preventing Tilley from bringing her claims against the Union, and that all the defendants fraudulently concealed the allegedly discriminatory motive of the plaintiffs' termination, thereby preventing the plaintiffs from bringing their claims. See, e.g., SAC ¶ 17 ("Since on or about 2015 to date, [the Union] fraudulently concealed Plaintiff Tilley's Verizon EEO reinstatement recommendation and her termination by Defendant Peters for taking authorized medical leave fraudulently concealed as 'job abandonment.'"). According to the plaintiffs, it was not until Tilley's chance encounters in 2020 that they had adequate notice of these claims.

The Court disagrees with the plaintiffs. With respect to each of the seven claims, the plaintiffs have failed to show that the alleged concealment prevented their discovery of the claims within the limitations period. For example, the duty of fair

representation claim accrued in 2015, when the Union informed the plaintiffs that it would not pursue the grievances any further, or, at the latest, when the Union denied receiving Verizon EEO's reinstatement recommendation. See Kalyanaram v. American Ass'n of University Professors at New York Institute of Technology, Inc., 742 F.3d 42, 46 (2d Cir. 2014) ("Since the gravamen of [the plaintiff's complaint is that the Union failed to adequately represent him during the arbitration, his [duty of fair representation] claim accrued on the date of the award."). The plaintiffs could have brought this claim at that time. That the plaintiffs have since uncovered additional, potentially relevant evidence of alleged wrongdoing cannot itself serve to toll the limitations period where, as here, they had sufficient basis to bring the claim within the limitations period.

Likewise, the negligent hiring claim accrued at the latest in 2015, i.e., the date of Peters' last alleged tort. The complaint is full of allegations that Peters abused the plaintiffs during their employment. See, e.g., SAC ¶ 108 ("From on or about 2012, Defendant Peters repeatedly and systematically harassed and attempted to terminate Plaintiff Tilley and regularly abused Plaintiff Tilley with racist comments."). Obviously, the plaintiffs were aware of this abuse while it was occurring.

Moreover, and critically, the SAC acknowledges that Moultrie was generally aware of Peters' "hit list" in 2015. Id. ¶ 18 ("Plaintiff Moultrie stated that she recalled an incident back in 2015 where another co-worker stated to her that she 'just saw' paper work that Defendant Peters set down on a desk face up. This co-worker stated it was a list of people's names with notes about [the Family and Medical Leave Act] and indicated adverse employment action next to their names."). Once she saw this list, Moultrie could have brought her ERISA claims, which are predicated on the defendants' alleged interreference with the plaintiffs' pension benefits, and attempted to learn more through discovery. There is, however, no allegation that Moultrie exercised the requisite due diligence to invoke the fraudulent concealment doctrine. Because the plaintiffs had adequate notice to bring their claims during the regular limitations period, the fraudulent concealment doctrine does not apply, and plaintiffs' claims are time-barred.

## Conclusion

For the foregoing reasons, the Court grants the motions to dismiss the complaint with prejudice. Clerk to enter judgment.

SO ORDERED.

Dated:   New York, NY
         September 9, 2021

JED S. RAKOFF, U.S.D.J.